[Civ. No. 246.   Second Appellate District.—May 14, 1906.]

JESUS FELIS MASCAREL (Executor Substituted), Respondent, v. JOSE MASCAREL'S EXECUTORS et al., Defendants; CONSTANCE GOYTINO et al., Heirs, Appellants.

DEED IN VIEW OF DEATH—DELIVERY TO GRANTEE—INTENTION OF GRANTOR—DONATIO CAUSA MORTIS.—A deed of land executed by the grantor in view of impending death, and delivered to the grantee, is of itself conclusive as to the intention of the grantor.   The doctrine of *donatio causa mortis* applies only to personal property, and where no facts are pleaded, proved or found tending to raise a trust in favor of the grantor, the title passed absolutely to the grantee by delivery of the deed as against the heirs of the deceased grantor.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

H. H. Appel, and Haas & Garrett, for Appellants.

H. G. Weyse, and Friend E. Lacey, for Respondent.

SMITH, J.—The suit was brought to quiet title.   In the complaint the plaintiff's title is deraigned under a deed of conveyance of Jose Mascarel, deceased, of date December 26,

1895, which it is alleged was duly delivered by him to the plaintiff; and it is also alleged (besides other necessary allegations) that the plaintiff is, and ever since the date of said deed has been, the owner of the property. These allegations are denied by the appellant-defendants, who are heirs of Jose Mascarel; and it is further alleged that at the death of Jose Mascarel he was still the owner of the property in controversy. The other heirs disclaim. The court finds all the allegations of the complaint to be true, and judgment was entered accordingly for the plaintiff, from which the appellant-defendants appeal.

The points urged by the appellants, or such as need be considered, are: (1) That the deed in question was never delivered to her; (2) that it was not intended by him that the title should pass; and (3) that the deed being made in view of impending death, the grantor had the right to revoke the deed during his lifetime. But the first point is disposed of by the finding, which is fully sustained by the evidence; and, assuming the facts to be as stated, the deed itself is conclusive as to the intention of the grantor. As to the third point, the doctrine of *donatio causa mortis* applies only to personal property (Civ. Code, secs. 1146, 1149 et seq.); and here no facts are pleaded or found tending to raise a trust in favor of the grantor of the deed; nor are any such facts shown by the evidence.

The judgment is affirmed.

Allen, J., and Gray, P. J., concurred.